**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan B. Hirt; Eugene T. Hirt, | No. CV-09-2299-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bard Peripheral Vascular, Inc., et al., | |
| Defendants. | |

Plaintiff Susan Hirt alleges that she suffered physical injury as a result of the implantation of the Avaulta® implantable synthetic vaginal mesh device. She filed this action against C.R. Bard, Inc. ("Bard"), the maker of the mesh device, asserting claims of strict products liability, negligence, breach of express and implied warranties, fraud, and violation of state consumer fraud laws. Bard, the sole remaining defendant, is a New Jersey corporation, headquartered in Murray Hill, New Jersey. The division of Bard responsible for the design, manufacture, and marketing of the mesh device is Bard Urological Division, located in Covington, Georgia.

The court now has before it plaintiffs' motion for stay of discovery and change of venue (doc. 34), defendants' response (doc. 37), and plaintiffs' belated reply (doc. 39).[1]

---

[1] Plaintiffs' reply was due on May 17, 2010. See LRCiv 7.2(d). Without explanation or request for leave for extension of time, plaintiffs filed their reply on May 24, 2010. Because plaintiffs' reply violates our local rules, we will not consider it.

Although both parties agree that venue is no longer convenient in this district, they disagree as to which venue is the most convenient on transfer.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." We will weigh multiple factors in considering whether transfer is appropriate, including (1) plaintiff's choice of forum, (2) the parties' respective contacts with the forum, (3) the ease of access to sources of proof, (4) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (5) the forum state's interest in the litigation, and (6) the difference in the costs of litigation in the two forums. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). A defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Plaintiffs suggest that the United States District Court for the Northern District of Georgia, where the subject mesh device was manufactured and marketed, is the most appropriate forum. They argue that Bard should have no objection to litigating in its own forum, which is ostensibly more convenient to Bard and its witnesses. However, Bard suggests that the more appropriate venue is the Eastern District of Michigan, where plaintiff's surgery and subsequent medical treatment occurred. Bard contends that all sources of proof relating to plaintiff's injury are located in Michigan, and that most, if not all, of the non-party witnesses, specifically plaintiff's physicians and other medical providers, reside in or near Michigan and therefore cannot be compelled to attend trial in Georgia. See Fed. R. Civ. P. 45(c)(3)(A)(ii).

This is a products liability action. Plaintiffs contend that the tortious conduct giving rise to plaintiffs' claims, including the defective design, testing, manufacturing and marketing of the product, occurred in Georgia. Moreover, the majority of the witnesses and documents related to Bard's liability are located in Georgia. Plaintiffs argue that Georgia has the greater interest in holding parties accountable for damages resulting from the faulty design of products manufactured and marketed in its state. Finally, plaintiffs assert that, in

- 2 -

the interest of judicial economy, they hope to consolidate their case with other cases that have been filed against Bard in the Northern District of Georgia and assigned to one judge.

Bard asserts only that it will not have compulsory process over certain medical providers who performed the implantation surgery and subsequent corrective surgeries. But these damages witnesses, while significant, are secondary to the many liability witnesses and documents located in Georgia and which form the basis of plaintiffs' cause of action. We conclude that Bard has failed to make a strong showing of inconvenience to warrant upsetting the plaintiffs' choice of forum.

**IT IS ORDERED GRANTING** plaintiffs' motion to transfer venue (doc. 34).

**IT IS ORDERED TRANSFERRING** this case to the United States District Court for the Northern District of Georgia. It is further **ORDERED DENYING** plaintiffs' motion to stay discovery (doc. 34). The Rule 16 Scheduling Order is effective unless and until modified in the transferee district.

DATED this 24th day of May, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge